UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA CORRECTIONAL PEACE
OFFICERS ASSOCIATION, a
California corporation,

                Petitioner,

                CIV. NO. S-10-1131 LKK/JFM

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, a
California state agency and                 ORDER
DOES 1-50,

                Respondents.
                                          /

    Petitioner California Correctional Peace Officers Association ("CCPOA") has filed a motion to remand, which was heard on June 7, 2010. As the court explained at oral argument, it appears that it may be appropriate to enjoin state court proceedings in order to protect the Coleman court's jurisdiction and to effectuate the court's judgments. See 28 U.S.C. § 2283, see also Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295 (1970) (noting that the distinction between "aid of its jurisdiction" and "effectuate its judgments" exceptions to the Anti-Injunction Act is less than clear).

As neither party has briefed this issue, the court directs the parties to submit further briefing on the following questions:

1. Whether the proceedings in <u>Coleman v. Schwarzenegger</u>, No. 2:90-cv-00520 (E.D. Cal.) are, for purposes of the Anti-Injunction Act, akin to the school desegregation and multidistrict litigation proceedings discussed in, for example, <u>Miller v. Brooks (In re Am. Honda Motor Co.)</u>, 315 F.3d 417, 439 (4th Cir. 2003), <u>Zurich Am. Ins. Co. v. Superior Court for Cal.</u>, 326 F.3d 816, 825-826 (7th Cir. 2003), <u>Battle v. Liberty Nat'l Life Ins. Co.</u>, 877 F.2d 877, 882 (11th Cir. 1989) and <u>United States v. District of Columbia</u>, 654 F.2d 802, 810 (D.C. Cir. 1981). <u>See also</u> Wright & Miller, 17A Fed. Prac. & Proc. Juris. § 4225 (3d ed.).

2. Assuming that <u>Coleman</u> is such a case, whether CCPOA's CEQA claims would so "frustrate the federal court's effective disposition of" <u>Coleman</u> as to be inconsistent with the continuing exercise of jurisdiction in <u>Coleman</u>. <u>See, e.g.</u>, <u>U.S. v. D.C.</u>, 654 F.2d at 810.

3. Assuming that this case falls within an exception to the Anti-Injunction Act, what procedures govern issuance of an injunction.

4. Assuming that this case falls within an exception to the Anti-Injunction Act, whether the availability of an injunction may provide an independent basis for removal, notwithstanding <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537

1       U.S. 28, 34 (2002).

2       The parties may also address any other issue related to the
3  above.  The court does not require further briefing on respondent
4  California Department of Corrections and Rehabilitation's
5  invocation of the federal officer removal statute except insofar
6  as the federal officer removal question relates to the issues
7  enumerated above.

8       Each party MAY file a brief not to exceed twenty (20) pages.
9  Said brief may be filed no later than 5 p.m. on Friday, June 18,
10 2010.  Each party MAY file a reply brief not to exceed ten (10)
11 pages no later than 5 p.m. on Thursday, June 24, 2010.  Hearing on
12 the matter is SET for 10 a.m. on Wednesday June 30, 2010.

13      IT IS SO ORDERED.

14      DATED:  June 7, 2010.

                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT